**EXHIBIT C**

**EMPLOYEE BENEFITS SECURITY ADMINISTRATION**

33 Whitehall Street
Suite 1200
New York, NY 10004
212-607-8600

**<u>Via Email Only</u>**

November 6, 2020

Custodian of Records
CSG Partners
40 Fulton St
6th Floor,
New York, NY 10038

Attn.: vparadis@csgpartners.com

Re:     Argent Trust Company
        EBSA Case No.: 30-106171 (48)

Dear Sir or Madam:

As you are aware, we are conducting an investigation pursuant to §504(a)(1) of the Employee Retirement Income Security Act of 1974 (ERISA). Enclosed is a subpoena that requires you to produce identified documents.

**<u>Please note that we are working remotely and are not able to receive and review paper mail. Accordingly, rather than appearing in person or mailing documents, we ask that you email or call to arrange for the electronic delivery of documents to us.</u>**

Please provide the required documents with a cover letter identifying the documents you are producing. In the letter, you should also state whether you conducted a diligent search for the subpoenaed documents and whether the documents you are producing include all of the requested documents. If any documents called for are not going to be furnished, please list such documents and indicate their location and the reason for their non-production.

The subpoena requests that documents maintained in electronic form, Electronically Stored Information (ESI), be produced in electronic form. The formats in which we can accept ESI are listed in the subpoena. When producing ESI, the material should be produced as maintained on your computer system, i.e., ESI should be produced with all files, folders and sub-folders intact, and emails should be produced with all attachments intact.

You should not construe this inquiry as an indication that any violations of law have occurred or as a reflection upon any person involved in this matter.

**EXHIBIT C**

If you have any questions concerning your rights and duties, you may wish to consult counsel.  If you have any questions concerning the subpoena or the documents required to be produced, including the production of ESI and the appropriate format and media, please contact Supervisory  Investigator Carol Herzog at 212-607-8631 or herzog.carol@dol.gov.

Sincerely,

/s/
Thomas Licetti
Acting Regional Director

Enclosure

TL/CH/


CC:     Melanie Lazor
        Thompson Hine LLP
        312 Walnut Street, 14th Floor
        Cincinnati, Ohio 45202-4089

**EXHIBIT C**

## ATTACHMENT A

List of Companies:

1. Choate Construction Company
2. E&M Logistics, Inc.
3. Envision Management Holding, Inc.
4. Highland Homes Holdings, Inc.
5. W BBQ Holdings, Inc.

EXHIBIT C

## ATTACHMENT B

### A.   Definitions:

1. The terms "you," "your," and "CSG" shall mean CSG Partners, and any of its predecessors, successors, parents, subsidiaries, affiliates, employees, agents, or others acting on its behalf.

2. The term "Company" or "Companies" shall mean any Company listed in Attachment A and any of its predecessors, successors, parents, subsidiaries or affiliates.

3. The term "Plan" shall mean the any of the Employee Stock Ownership Plans ("ESOP") sponsored by any Company listed in Attachment A.

4. "ERISA" means the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, et. seq.

5. "Transaction" means the purchase of shares of Company stock and/or establishment of the Plan.

6. "Seller" shall mean anyone who owned shares of Company stock and sold them as part of a Transaction, including his or her agents or others acting on his or her behalf.

7. The term "document(s)" means all writings of any nature whatsoever within the possession, custody, or control of Argent Trust Company, or within the possession, custody or control of any agent, employee, representative, or other person acting or purporting to act for or on its behalf, including, but not limited to, all writings, recordings or electronic data consisting of letters, words, or numbers, or their equivalent, set down by handwriting, typewriting, word processing, printing, photostating, photographing, magnetic impulse, mechanical or electronic recording, still photographs, X-ray films, video tapes, motion pictures, electronic mail messages (email), voice mail messages, electronic instant messages (IM), spreadsheets, databases, electronic calendars and contact managers, back-up data, and or other form of data compilation, stored in any medium from which information can be obtained (including but not limited to magnetic tape, magnetic disk, CD-ROM, DVD, optical disk, flash drive or other electronic or mechanical storage device), however, produced, reproduced or stored, of every kind of description within the Company's possession, custody or control of any agent, employee, representative, or other persons acting or purporting to act for or on behalf of the Company, including but not limited to notes; memoranda; records; reports; correspondence; telexes and faxes, agreements; contracts; accounting or financial records or worksheets; account books; journals; ledgers; bills; receipts; vouchers; transcripts or notes of conversations or meetings; minutes of meetings; statements; directives in any form from general partners or other representatives; diary entries; studies; summaries and/or records of telephone conversations; interviews; meetings and/or conferences; tabulations; and shall include the original and all non-identical copies; all drafts even if not published, disseminated, or used for any purpose; all notes, schedules, footnotes, attachments, enclosures, and documents attached or referred to in any document to be produced pursuant to this subpoena.

8. "Communication" means any oral, written, electronic or other exchange or transmission of information (in the form of facts, ideas, inquiries, opinions, analysis or otherwise), including

**EXHIBIT C**

correspondence, memos, reports, emails, electronic mail, electronic documents, telephone conversations, telephone or voicemail messages, face-to-face meetings or conversations, and Internet postings and discussions.

9.  The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

10. "Email" or "electronic mail" means any electronic communication made using computer communications software, whether through a local computer network or through the Internet, and whether maintained in electronic form and/or paper form. Email maintained in electronic form may be produced in electronic form.

11. "And" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

12. "Including" shall be construed to mean "without limitation."

13. "Fiduciary" shall have the meaning as such term has under section 3(21) of ERISA, 29 U.S.C. §1002 (21), and sections and regulations related thereto.

14. "Relating to" means constituting, referring to, pertaining to, responding to, regarding, evidencing, explaining, discussing, depicting, analyzing, or containing any information which in any way concerns, affects, or describes the terms or conditions, or identifies facts, with respect to the subject of the inquiry.

**B.** <u>**Instructions:**</u>

1.  <u>Scope of search</u>. This subpoena calls for all documents in your possession, custody, control. You are required to search for, obtain and produce all responsive documents, including without limitation documents that are in your custody or control, but not in your immediate possession. This includes any responsive documents in the possession, custody or control of any person acting on your behalf or under your direction or control, such as your employees, accountants, agents, representatives, attorneys or advisors. Where such documents requested are in the possession of a service provider and not Argent, Argent should request such documents from the service provider.

2.  <u>Relevant time period</u>. Unless otherwise specified, the time period covered by this subpoena is from January 1, 2014 to the date of production. Documents created prior to January 1, 2014 which have been used or relied on since January 1, 2014 or which describe legal duties which remain in effect after January 1, 2014 (such as contracts and trust agreements), shall be considered as included within the time period covered by this subpoena.

3.  <u>Privileges and Protections</u>. If you do not produce documents because you object to part of or an aspect of a request, please provide a written response stating the precise basis for the objection and produce all documents responsive to the remaining part or aspect of the requests.

**EXHIBIT C**

If any documents responsive to this subpoena are withheld because of a claim of privilege, please identify the documents you claim are privileged in a written response, and please indicate for each such document: 1) the nature of the privilege or protection claimed; 2) the factual basis for claiming the privilege or protection asserted; 3) the subject matter of the document; 4) the type, length and date of the document; 5) the author of and/or signatory on the document; 6) the identity of each person to whom the document was directed or distributed; and 7) the nature of the documents, e.g. letter, memorandum.

4. <u>Electronically stored information</u>. If any document called for by this subpoena exists as, or can be retrieved from, information stored in electronic or computerized form, then you are directed to produce the document in computerized form in one of the following formats: Microsoft Word (doc), WordPerfect (wpd), Rich Text (rtf), Microsoft Outlook (pst), Microsoft Outlook Express (msg), Microsoft Excel (xls), Microsoft Access (mdb), PDF, TIFF, CSV, ASCII, TXT, Concordance, or Quickbooks. Files of the preceding types can be submitted in a ZIP compressed format. Sufficient information including sufficient identification of the applicable software program and passwords, if any, should be provided to permit access to and use of the documents. Images created through a scanning process should have a minimum resolution of 300 dots per inch (dpi).

5. <u>Tenses</u>. Verbs used in the past tense should be read also to include the present tense, and verbs used in the present tense should be read also to include the past tense.

6. <u>Singular/Plural</u>. The singular number of a noun, pronoun, or verb should be read also to include the plural, and the plural number of a noun, pronoun, or verb should be read also to include the singular.

7. <u>Manner of production</u>. All documents produced in response to this subpoena shall comply with the following instructions:

   a. You should conduct your searches for responsive documents in a manner sufficient to identify the source and location where each responsive document is found.

   b. All documents produced in response to this subpoena shall be segregated and labeled to show the document request to which the documents are responsive and the source and location where the documents were found.

   c. To the extent that documents are found in file folders and other similar containers that have labels or other identifying information, the documents shall be produced with such file folder and label information intact.

   d. To the extent that documents are found attached to other documents, by means of paper clips, staples, or other means of attachment, such documents shall be produced together in their condition when found.

   e. All documents provided in response to this subpoena are to include the marginalia and post-its, as well as any attachment referred to or incorporated by the documents.

**EXHIBIT C**

f.  In the event that there are no documents responsive to a particular request, please specify that you have no responsive documents.

g.  If documents relied upon or required to respond to any of this subpoena, or requested documents, are no longer in your possession, custody, or control, you are required to state what disposition was made of such documents, including identification of the person(s) who are believed to be in possession or control of such documents; the date or dates on which such disposition was made, and the reason for such disposition.

h.  Electronic media:

    To the extent that the documents that are responsive to this subpoena may exist on electronic media, those documents shall be provided on one of the following media: Compact Disk – Read Only Memory (CD-ROM), Digital Versatile Disc – Read Only Memory (DVD) or USB hard drive.

**C.   Documents to be produced:**

**For All Companies Listed in Attachment A:**

1.  All of your communications concerning or relating to the Transactions.

2.  All of your communications concerning or with the Sellers, both pre- and post-Transaction.

**EXHIBIT C**

# SUBPOENA
**UNITED STATES OF AMERICA**
**DEPARTMENT OF LABOR**
**Employee Benefits Security Administration**

*To:* *Custodian of Records*
*CSG Partners*
*40 Fulton St*
*6th Floor,*
*New York, NY 10038*

*You are hereby required to appear before Supervisory Investigator Carol Herzog of the Employee Benefits Security Administration, U.S. Department of Labor, at 33 Whitehall Street, Suite 1200, in the City of New York on the 20th day of November 2020 at 10 o'clock a.m. of that day, to testify in the matter of an investigation of Argent Trust Company being conducted pursuant to Section 504 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. Section 1134, in order to determine whether any person has violated or is about to violate any provision of Title I of ERISA or any regulation or order thereunder;*

*And you are hereby required to bring with you and produce at said time and place the following books, papers, and documents:*

### See Attachment.

*Fail not at your peril.*

*In testimony whereof I have hereunto affixed my signature and the seal of the United States Department of Labor at New York on this 6th day of November 2020.*



_____/s/_____

**THOMAS LICETTI, *Acting Regional Director***