UNITED STATES U.S. DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- X
Milton Al Stewart, Acting Secretary of
Labor, United States Department of Labor,

               Petitioner,

     -against-

CSG Partners, LLC,

               Respondent.
---------------------------------------------------------- X

INDEX NO. 1:21-mc-00345-GHW

Date:    April 16, 2021

## DECLARATION OF LAWRENCE KAPLAN IN SUPPORT OF MEMORANDUM OF LAW IN OPPOSITION TO PETITION TO ENFORCE ADMINISTRATIVE SUBPOENA *DUCES TECUM*

Pursuant to 28 U.S.C. § 1746, the undersigned declares as follows:

1. My name is Lawrence Kaplan. I am the Managing Member of CSG Partners, LLC ("CSG"). In this role, I am responsible for the management of CSG's business activities and administration.

2. Based on my personal knowledge and experience CSG, and my review of records kept and maintained by CSG in the ordinary course of business, and made at or near the time of the transactions at issue by a person with knowledge of the matters contained therein, the matters below are true and correct to the best of my knowledge.

3. I submit this declaration in support of CSG's Memorandum of Law in Opposition to the Petition to Enforce the Administrative Subpoena *Duces Tecum*.

4. CSG is an investment bank that assists companies nationwide with becoming employee-owned through the use of an employee stock ownership plan ("ESOP"), including advising on the structuring of transactions, obtaining financing, and assisting with closing.

5. Because most companies contemplating an ESOP lack the necessary expertise to structure and close these transactions—which involve complex corporate, tax, benefits, and financing issues—CSG acts as an essential advisor to the companies and their attorneys to assist with the process.

6. This process requires communication with the company's counsel to ensure that the interests of the company are reflected in documenting the terms of the corporate reorganization, financing, and ESOP transaction documents.

7. Between 2015 and 2017, CSG represented four companies related to their ESOP transactions (each a "Transaction"): Dallas BBQ ("BBQ"), Choate Construction Company ("Choate"), Calip Holdings, Inc. and E&M Ice Cream Inc. (collectively "E&M"), and Envision Management LLC ("Envision") (BBQ, Choate, E&M, and Envision are each a "Company" and together are "Companies").

8. CSG had no involvement with any ESOP transaction involving Highland Homes Holdings, Inc.

9. As part of its engagements with the Companies, CSG had access to documents and communications the Companies expected CSG to keep confidential. Indeed, in connection with CSG's engagements with the Companies, CSG and the Companies entered into confidentiality agreements to protect this information. Specifically, CSG's Stage I engagement letter with Choate required CSG to keep Choate's confidential information confidential, CSG entered into a Covenant of Confidentiality with Envision to protect its confidential information, and CSG entered into a Mutual Confidentiality and Non-Disclosure Agreement with E&M to protect their confidential information. Pursuant to these confidentiality obligations, CSG kept the Company's information, including communications with the Company's counsel, confidential.

- 3 -

10. CSG also provided expertise that neither the Company nor their counsel, could, which was necessary for each Company's counsel to provide informed legal advice.

11. For example, CSG provided the Companies and their counsel with information necessary to negotiate the terms of the Transaction, and to document corporate and tax matters, Transaction debt financing, acquisition of stock by the ESOP, and numerous related documentation. Without CSG's ability to confidentially communicate information to the Companies' counsel, counsel would not have been able to provide informed legal advice to the Companies regarding integral aspects of the Transaction.

12. CSG was an essential part of each Company's ESOP team and worked jointly with each Company and their counsel throughout each Transaction. For each of the Transactions, CSG competitively solicited bank financing to fund the Transaction, modeled the terms of repayment for the Company to ensure it could sustainably repay the debt, prepared detailed tax and cash flow models for the Company reflecting the Transaction structure, coordinated due diligence matters with all Transaction parties, and advised the Company on the Transaction process.

13. CSG worked closely with each Company's leadership teams to complete these tasks, which were critical to the formation of the ESOP.

14. To my knowledge, no employees at the Companies possessed the knowledge and expertise CSG personnel brought regarding these ESOP matters.

15. Nonetheless, if this work were not performed by CSG, however, it would need to be performed by the Company's employees who generally cannot do so because they already have other responsibilities operating the Company and cannot also manage a highly complex corporate, tax and financing process.

16. CSG was included on certain communications involving each Company's counsel that were for the purpose of seeking or providing legal advice.

17. CSG understood that all parties to these communications intended to, and did, keep them confidential.

18. I understand that the E&M Transaction closed on May 26, 2016, the BBQ Transaction closed on July 29, 2016, the Choate Transaction closed on December 13, 2016, the Envision Transaction closed on December 19, 2017.

19. Except for work done on behalf of E&M relating to its post-closing reduction in the purchase price ("E&M Price Reduction"), I am not aware of CSG doing any work on behalf of the Companies related to the ESOPs or any other ERISA-governed plan sponsored or maintained by the Companies since CSG pulled documents in March 2019 to respond to the request for documents sent by the Employee Benefits Security Administration ("EBSA").

20. CSG did, however, assist E&M with the E&M Price Reduction in late 2018 and 2019, including after CSG originally pulled documents in March 2019 to respond to the EBSA's request for documents. Other than the E&M Transaction and the E&M Price Reduction, I am not aware of CSG doing any work on behalf of E&M related to the E&M ESOP or any other ERISA-governed plan sponsored or maintained by E&M.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
Dated: April 16, 2021